## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MY THI NHU TRAN, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                      **NO. 24-1933**

**GULF COAST BANK & TRUST CO., ET AL.**         **SECTION: D(1)**

## ORDER AND REASONS

Before the Court is a Motion to Recuse Pursuant to 28 U.S.C. § 455(a) filed by Plaintiffs My Thi Nhu Tran and Tung Duc Vo ("Plaintiffs").[1]  Defendants Gulf Coast Bank and Trust Company, Rance Mangipano, and Trieu Law, LLC (collectively, "Defendants") filed a response to the Motion.[2]  Plaintiffs filed a reply.[3]  After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is **DENIED**.

### I.    FACTUAL BACKGROUND

This case arises from an alleged mortgage lending scheme committed against Plaintiffs by Defendants Gulf Coast Bank and Trust Company, Rance Mangipano, Lloyd and Taylor Mortgage, LLC, Samantha Tuyet Nguyen Tran, Trieu Law, LLC, New World Realty, LLC, and Nga Baird.[4]  On April 17, 2025, the Court held a telephone status conference with all parties to disclose that the undersigned's son, who is currently enrolled in law school, had accepted a summer clerkship for half of summer 2025 with Flanagan Partners, LP, the law firm that represents New World Realty, LLC and Nga Baird in this

---

[1] R. Doc. 100.
[2] R. Doc. 109.
[3] R. Doc. 112.
[4] R. Doc. 1.

matter.[5]  During the conference, Thomas Flanagan of Flanagan Partners advised that the firm had sought independence guidance on whether the hire would pose any potential conflict and further explained that the firm will isolate the undersigned's son from any and all cases pending before this Section of the Court and that he would not work on any such case or be privy to any communications regarding the cases.  The undersigned advised that she could be fair and impartial in the matter and that she saw no reason for disqualification.[6]  No party expressed concerns about the disclosure or raised any objection to the Court's continued handling of the case; however, counsel for Plaintiffs advised that he wished to speak to his clients.[7]

On April 24, 2025, Plaintiffs filed the instant Motion to Recuse Pursuant to 28 U.S.C. § 455(a).[8]  In it, Plaintiffs argue that the "relationship between the judge's immediate family and a defense firm representing parties accused of serious fraud—particularly in a civil rights and consumer protection context—creates a circumstance in which a reasonable person would question the judge's impartiality."[9]

In response, Defendants confirm the representations made by Mr. Flanagan during the conference and argue that there is no basis for recusal because, as explained by Mr. Flanagan during the conference, the undersigned's son "has no role in the case and no direct financial stake in its outcome."[10]  Defendants argue that the Fifth Circuit has determined

---

[5] R. Doc. 92.
[6] *Id.*
[7] *Id.* at 1-2.
[8] R. Doc. 100.
[9] *Id.* at 2.
[10] R. Doc. 109 at 3.  Defendants also noted that Mr. Flanagan is a highly respected and distinguished member of the bar and no question has been raised that his representations are not authentic.

that recusal is not necessary in situations such as this.[11]  Highlighting the timing of Plaintiffs' request, Defendants deem the Motion, which comes on the heels on this Court's Order denying relief sought by Plaintiffs, "a tool for forum shopping."[12]  Defendants also note that "Plaintiffs have since submitted a barrage of filings accusing Magistrate Judge [v]an Meerveld and even court personnel of misconduct, showing that Plaintiffs' challenges to the legitimacy of this forum are not limited to Judge Vitter."[13]

In their reply,[14] Plaintiffs acknowledge what they classify as decisions standing "for the proposition that familial connection may not support recusal when the employment is passive, indirect, and remote from the litigation."[15]  They argue, however, that those cases are inapposite because "Flanagan Partners is understood to be a small boutique firm with only a few attorneys.  The judge's son will be clerking there while the case is pending, and while the firm remains counsel of record for two defendants alleged to have engaged in fraud, identity, theft, and civil conspiracy."[16]  Plaintiffs further acknowledge Mr. Flanagan's representations as to the safeguards that will be instituted to isolate the undersigned's son from this matter but argue that "Plaintiffs have no way of knowing whether internal

---

[11] *Id.* at 3.

[12] *Id.*

[13] *Id.*

[14] Plaintiffs filed a Supplemental Memorandum in Support of their Motion to Recuse, asserting that the Court had allowed Defendants to file a response to Plaintiffs' Motion to Recuse in conflict with the Eastern District of Louisiana Local Rule 7.5. *See* R. Doc. 102.  Local Rule 7.5 addresses responses to motions filed with submission dates.  Plaintiffs filed their Motion as an Ex Parte/Consent Motion and did not set it for a submission date. *See*  R. Doc. 100. Thus, the Court allowed Defendants the opportunity to be heard on the ex parte Motion.  Had Plaintiffs sought to file a reply, the Court would have allowed it as well.  Indeed, upon notice through the Supplemental Memorandum that Plaintiffs sought to file a reply, the Court allowed them the opportunity to do so, and they did so. *See* R. Doc. 112.

[15] R. Doc. 112 at 2.

[16] *Id.* at 3.

exposure, inadvertent involvement, or strategic overlap might occur. Nor do they have access to any confirmation that an enforceable screening mechanism exists."[17]

## II.    LEGAL STANDARD

The Supreme Court has made clear that its "precedents set forth an objective standard that requires recusal when the likelihood of bias on the part of the judge 'is too high to be constitutionally tolerable.'"[18]  As explained by another Section of this Court, "[a] motion to recuse must be strictly construed for form, timeliness, and sufficiency in order to guard against the danger of frivolous attacks on the orderly process of justice."[19]  "To be timely, a motion to recuse must be filed as soon as practicable after discovery of the allegedly disqualifying facts."[20]

## III.    ANALYSIS

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[21]  To bring a successful recusal petition under § 455(a), the movant "must (1) demonstrate that the alleged comment, action, or circumstance was of 'extrajudicial' origin, (2) place the offending event into the context of the entire trial, and (3) do so by an 'objective' observer's standard.'"[22]  "This recusal standard is objective; the relevant inquiry is whether a 'reasonable man, were he to know all the circumstances, would harbor doubts

---

[17] *Id.*

[18] *Williams v. Pennsylvania*, 579 U.S. 1, 4 (2016) (quoting *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872 (2009)).

[19] *Danielson v. Winnfield Funeral Home of Jefferson, Inc.*, 634 F.Supp. 1110, 1113 (E.D. La. 1986) (citing authority).

[20] *Id.* at 1114 (citing authority).

[21] 28 U.S.C. § 455(a).

[22] *Casby v. St. Charles Par. Sheriff's Office*, No. 14-CV-1706, 2014 WL 6684947, at *2 (E.D. La. Nov. 25, 2014) (quoting *Andrade v. Chokjnacki*, 338 F.3d 448, 455 (5th Cir. 2003)) (internal quotation marks omitted).

about the judge's impartiality.'"[23]   Additionally, "the reasonable person standard in the recusal context contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'"[24]

Plaintiffs sum up their basis for recusal in a singular sentence: the "relationship between the judge's immediate family and a defense firm representing parties accused of serious fraud—particularly in a civil rights and consumer protection context—creates a circumstance in which a reasonable person would question the judge's impartiality."[25] Notably, Plaintiffs do not explain what exactly would cause a reasonable person to question the undersigned's impartiality.  Regardless, the Fifth Circuit has found on facts almost identical to these that recusal is not required.[26]  In *United States ex rel. Weinberger v. Equifax, Inc.*, the Fifth Circuit considered whether a district judge abused his discretion in failing to recuse himself in a case in which his son's law firm was enrolled as counsel for the defendant.[27]  In finding no abuse of discretion, the Fifth Circuit noted:

> None of the provisions requiring recusal apply here. It is undisputed that the district judge's son did not actively participate in Equifax's defense. That the son's law firm participated in the proceeding does not mean that he was "acting as a lawyer in the proceeding."  That provision requires actual participation. The fears of judicial bias that might result from an offspring's active participation in a proceeding do not merit automatic disqualification of the law firm to which the relative belongs. The "financial interest" provision might apply if the district judge's son were a partner in the firm. But his status as an associate removes that fear. His salary interest as an associate is too remote to fall under this "financial interest" prohibition.[28]

---

[23] *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999) (quoting *Health Servs. Acquisition Corp. v. Liljeberg*, 796 F.2d 796, 800 (5th Cir. 1986)).
[24] *Trevino*, 168 F.3d at 179 (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)).
[25] R. Doc. 100 at 2.
[26] *United States ex rel. Weinberger v. Equifax, Inc.*, 557 F.2d 456 (5th Cir. 1977).
[27] 557 F.2d 456 (5th Cir. 1977).
[28] *Id.* at 463 (internal citations omitted).

Despite Plaintiffs' attempts to distinguish this matter from *Weinberger*, the Court finds that it is appropriate authority. *Weinberger* involved, in Plaintiffs' words, "the denial of recusal where the judge's son was an associate at a large law firm representing one of the parties, but played no role in the litigation and had no financial interest in its outcome."[29] Arguably, those facts may have presented a more compelling argument for recusal as the family member in that case was an associate at the firm. Further, during the April 17, 2025 status conference, the undersigned also pointed the parties to the Committee on Codes of Conduct Published Advisory Opinion 58: Disqualification When Relative is Employed by a Participating Law Firm which advises: "[i]f the relative is an associate or non-equity partner and has not participated in the preparation or presentation of the case before the judge, and the relative's compensation is in no manner dependent upon the result of the case, recusal is not mandated." The undersigned's son is a law student, hired for a half-summer position with the firm. He will, of course, have no equity share in Flanagan Partners during his half-summer clerkship and will therefore have no financial interest in the outcome of this case.[30] Further, the undersigned's son will have no involvement in this case. Quite the opposite. As represented by Mr. Flanagan at the April 17, 2025 status conference, the undersigned's son will be entirely isolated from discussions of and work relating to this case.

Plaintiffs attempt to undercut these representations, arguing that the cited safeguards are insufficient due to the size of Flanagan Partners, the nature of the claims at

---

[29] R. Doc. 112 at 2.

[30] The Fifth Circuit has squarely found that an associate does not have a financial interest in the outcome of the cases handled by his or her firm. *See Weinberger*, 557 F.2d at 463. Indeed, the financial interest of a law student temporarily employed for half a summer is far more attenuated than even an associate, who presumably depends on his law firm salary as his sole source of income and is likely on a track to one day have an equity interest in the firm.

issue in this case, and because the safeguards are not memorialized in writing.[31]  Plaintiffs do not cite any authority showing that the nature of a plaintiff's claims affect whether recusal is appropriate under § 455(a).  Indeed, Plaintiffs' allegations of fraud—which Plaintiffs will bear the burden of proving—relate to New World Realty, LLC and Nga Baird's actions, not the actions of the law firm representing those Defendants in this litigation. Moreover, there is simply no reason to believe that the size of a firm would correlate with the likelihood of an accidental or intentional breach of the safeguards described by Mr. Flanagan.[32]  Finally, the Court is persuaded by Mr. Flanagan's oral representations as to the safeguards the firm intends to put into place to isolate the undersigned's son from this matter.  Mr. Flanagan's oral representations were made as an officer of the Court, and Plaintiffs fail to identify authority stating that a more detailed explanation of the safeguards is required.

After consideration of these matters, the Court is satisfied that a well-informed, thoughtful, and objective observer would not question the undersigned's impartiality under these facts so as to implicate § 455(a).[33]  The Court takes raised and potential conflicts of interest seriously. The Court recognizes the importance of instilling confidence in the impartiality of the judiciary to litigants and to the public.  The Court reiterates what it previously advised all of the parties when it disclosed the summer clerkship, namely, that

---

[31] R. Doc. 112 at 3.

[32] To the extent that the size of a law firm is relevant and further to the extent that Flanagan Partners could be considered "a small boutique firm with only a few attorneys" as Plaintiffs argue, the Court emphasizes that the proffered basis for recusal concerns a half-summer law clerk and not an associate.  In the same way that a temporary law clerk does not have the same financial interest in the outcome of a proceeding as an associate, temporary law clerks typically do not have the same access to firm information as attorneys at the firm and are presumably isolated from confidential firm matters more easily.

[33] Or any section of 28 U.S.C. § 455(b).

it has no hesitation in advising that it can be fair and impartial in this matter and that it sees no basis for disqualification.  A judge has an affirmative duty not to disqualify himself or herself unnecessarily, and because Plaintiffs raise no compelling or persuasive grounds for disqualification here, it is unnecessary and, indeed, would be improper for the undersigned to do so.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Recuse Pursuant to § 455(a) is **DENIED.**

New Orleans, Louisiana, May 16, 2025.

**WENDY B. VITTER**
**Chief Judge**
**United States District Court**