## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MY THI NHU TRAN, ET AL.**                              **CIVIL ACTION**

**VERSUS**                                                **NO. 24-1933**

**GULF COAST BANK AND**                                   **SECTION: D(5)**
**TRUST CO., ET AL.**

## ORDER AND REASONS

Before the Court is a Motion to Appeal/Review Magistrate Judge Decision,
styled as Plaintiffs' Objections to Magistrate Judge's December 4, 2025, Order
Pursuant to Fed. R. Civ. P. 72(a) filed by Plaintiffs My Thi Nhu Tran and Tung Duc
Vo.[1]  The Defendants, Nga Baird, New World Realty LLC, Trieu Law LLC, Gulf Coast
Bank & Trust Company, Rance Mangipano, Lloyd & Taylor Mortgage, LLC, and
Samantha Tuyet Nguyen Tran, oppose the Motion.[2]  Plaintiffs have filed a Reply.[3]
Also before the Court is Plaintiffs' Emergency Motion To Stay Enforcement Of
Magistrate Judges January 5, 2026, Minute Entry Pending Rule 72 (a) Review.[4]
Defendants have filed an Opposition.[5] After consideration of the parties' memoranda,
the record, and the applicable law, the Court finds that the Magistrate Judge's Order[6]
is not "clearly erroneous" or "contrary to law"[7] and therefore **OVERRULES** Plaintiffs
objections and **DENIES** Plaintiffs' Motion to Appeal/Review Magistrate Judge

---

[1] R. Doc. 204.
[2] R. Doc. 206.
[3] R. Doc. 210.
[4] R. Doc. 213.
[5] R. Doc. 215.
[6] R. Doc. 212.
[7] Fed. R. Civ. P. 72(a)

Decision.[8] The Court further **DENIES** Plaintiffs' Motion to Stay Enforcement of the Magistrate Judge's Ruling.[9]

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an alleged mortgage lending scheme committed against Plaintiffs by Defendants Gulf Coast Bank and Trust Company, Rance Mangipano, Lloyd and Taylor Mortgage, LLC, Samantha Tuyet Nguyen Tran, Trieu Law, LLC, New World Realty, LLC, and Nga Baird.[10]

Plaintiffs timely filed Plaintiffs' Objections to Magistrate Judge's December 4, 2025, Order Pursuant to Fed. R. Civ. P. 72(a) on December 19, 2025 which the Court construes as a Motion for Appeal/Review of Magistrate Judge's Order.[11] Plaintiffs argue that the portions of the order that (1) struck Plaintiff My Thi Nhu Tran's deposition errata sheet as untimely and (2) compelled Plaintiffs to produce statements and information shared with law enforcement were contrary to law.[12] As to the struck errata sheet, Plaintiffs claim that the order was contrary to law because it was based on Fed. R. Civ. P. 30(c)(1), which does not address making changing to deposition transcripts, and failed to apply Fed. R. Civ. P. 30(e)(1), which addresses making changes to deposition transcripts.[13] As to the disclosure of communications with law enforcement, Plaintiffs contend that that Magistrate Judge's Order does not acknowledge or reflect the difference between substantive evidence and impeachment

---

[8] R. Doc. 204.
[9] R. Doc. 213.
[10] R. Doc. 1.
[11] R. Doc. 204.
[12] *Id*. at pp. 1-2.
[13] *Id*. at pp. 2-3.

material and does not reflect the required balancing as set forth under *Cazorla v. Koch Foods of Mississippi, LLC.*[14] Further, Plaintiffs assert that the Order fails to apply the proportionality requirement of Rule 26(b)(1) and conflates statutory privilege and constitutional protection.[15] Plaintiffs seek vacateur and remand of the Order for application of the proper legal framework and protective limitations should the discovery be deemed appropriate.[16]

The Defendants, Nga Baird, New World Realty LLC, Trieu Law LLC, Gulf Coast Bank & Trust Company, Rance Mangipano, Lloyd & Taylor Mortgage, LLC, and Samantha Tuyet Nguyen Tran, filed a response in opposition to the Motion.[17] They note that the Order of the Magistrate Judge can be vacated only if found to be contrary to law and that, if the order involves issues committed to judicial discretion, it is reviewed under an abuse of discretion standard of review.[18] Defendants contend that (1) the Magistrate Judge's order striking the errata sheet was correct because it was untimely despite the lack of a direct cite to Fed. R. Civ. P. 30(e)(1), and (2) the Magistrate Judge did not abuse his discretion in granting the Motion to Compel filed by Ms. Baird because the requested documents are relevant, proportional to needs of the case, and not privileged or otherwise protected.[19] Regarding the communications with law enforcement, Defendants contend that such evidence is "directly relevant to the potential claims and defenses" brought in this suit.[20] Furthermore, they

---

[14] *Id.* at pp. 4-5 (citing *Carzola*, 838 F.3d 540, 563–64 (5th Cir. 2016)).
[15] *Id.* at pp. 6-7.
[16] *Id.* at p. 7.
[17] R. Doc. 207.
[18] *Id.* at p. 6.
[19] R. Doc. 207 at pp. 7-8.
[20] *Id.* at p. 9.

emphasize that there is "no constitutional protection" for disclosure of Plaintiffs' communications with law enforcement.[21]

In reply, Plaintiffs argue that Rule 30(e) remains controlling as to any ruling on the errata sheet, that supplying legal reasoning after the order cannot ameliorate the defects in the order, and that a district court cannot and should not presume that the correct rule and legal framework were applied.[22] Plaintiffs' argument boils down to this one sentence—the Magistrate Judge failed to cite Fed. R. Civ. P. 30(e)(1). Notably, Plaintiffs do not dispute that the errata sheet was submitted past the 30-day deadline, nor do they dispute that Fifth Circuit law supports excluding an untimely errata sheet, nor do they argue that the Magistrate Judge applied the wrong law. They simply argue that the Magistrate Judge failed to cite the controlling law.

Regarding the Magistrate Judge's order regarding law enforcement communications, Plaintiffs emphasize that *Cazorla* applies to the present case and that balancing must be conducted under its holding as to the probative value versus the risk of intimidation, deterrence, and the chilling effects of the disclosure.[23] Further, Plaintiffs argue that the materials are disproportionate to the needs of the case and are outweighed by the constitutional concerns and potential chilling effect of producing communications with law enforcement.[24]

---

[21] *Id.* at pp. 11-12.
[22] R. Doc. 210 at pp. 2-3.
[23] *Id.* at p. 4.
[24] *Id.* at p. 5.

After this Motion was submitted, the Magistrate Judge vacated the challenged Minute Order [25] and substituted a new Minute Order, [26] addressing the topics addressed in the prior Minute Order.

## II.    LEGAL STANDARD

The parties are in agreement as to the legal standard. [27] "[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court" with the exception of certain matters not relevant here.[28]  Any party dissatisfied with a magistrate judge's order on a non-dispositive matter "may serve and file objections to the order within 14 days after being served with a copy."[29]  Local Rule 72.2 provides that objections to a magistrate judge's order must be made via filing a "motion to review a magistrate judge's order."[30]  "A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[31]  As such, the movant "bears a heavy burden."[32]

---

[25] R. Doc. 202.

[26] R. Doc. 212.

[27] *See* R. Doc. 204 at pp1-2 and R. Doc. 206 at p.1.

[28] 28 U.S.C. § 636(b)(1)(A).

[29] Fed. R. Civ. P. 72(a).

[30] Local Rule 72.2.

[31] 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").

[32] *Pablovich v. Rooms to Go Louisiana Corp.,* No. CV 20-617, 2021 WL 1207799, at *2 (E.D. La. Mar. 31, 2021) (Fallon, J.) (quoting *Seacor Marine, L.L.C. v. Cummins Mid-S., Inc.*, No. 09-383, 2010 WL 2292152, at *2 (E.D. La. June 3, 2010)).

## III.    ANALYSIS

Plaintiffs raise two objections to the Magistrate Judge's Order. The Court addresses each in turn.

### A. Order Striking Plaintiff My Thi Nhu Tran's Deposition Errata Sheet as Untimely

Plaintiffs first challenge the portion of the Magistrate Judge's Order that strikes Plaintiff My Thi Nhu Tran's deposition errata sheet as untimely. Plaintiffs claim that the ruling is contrary to law because Rule 30(e)(1) governs deposition errata, not 30(c)(1), as stated in the Minute Order. [33] Defendants counter that, regardless of whether there is a citation in the Order to Fed. R. Civ P. 30(e)(1), the Plaintiff's errata sheet was nonetheless untimely and should be stricken. [34]

It is undisputed that the court reporter circulated a copy of the deposition on September 18, 2025. [35] Counsel for Plaintiffs provided an errata sheet to all counsel 40 days later, on October 28, 2025. [36] The Magistrate Judge considered the timeliness arguments during a motion hearing on December 4, 2025 [37] and issued a Minute Order striking the errata sheet. [38]

The original order states: "**IT IS FURTHER ORDERED** that the errata sheet created by Plaintiff shall be **STRICKEN** as untimely and for the other reasons stated on the record at the hearing. Fed. R. Civ. P. 30(c)(1)." [39] After the submission of the

---

[33] R. Doc. 202.
[34] R. Doc. 206 at pp. 7-8.
[35] R. Doc. 181-14 at p. 3.
[36] R. Doc. 181-15.
[37] R. Doc. 207 at pp. 25-29.
[38] R. Doc. 202.
[39] R. Doc. 202.

instant Motion, a subsequent minute order was issued, vacating the prior Minute Order. The revised Minute Order states: "**IT IS FURTHER ORDERED** that the errata sheet created by Plaintiff shall be **STRICKEN** as untimely and for the other reasons stated on the record at the hearing. Fed. R. Civ. P. 30(e)(1)."[40]

Fed R. Civ P. 30(e)(1) governs the submission of deposition errata sheets. The rule provides that

> (1) … On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>> (A) to review the transcript or recording; and
>> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.[41]

Initially, the Court notes that the revised Minute Order expressly relies on Rule 30(e)(1), thus it appears that the Magistrate Judge was aware of and applied the correct law. To the extent that Plaintiffs argue that the Court may not presume that "the correct law and legal framework" were applied, the Court does not make any such presumption. Instead, the Court relies on its review of the hearing transcript.[42] The transcript reflects that the Magistrate Judge was aware of and applied the correct law. By way of the most glaring example, a significant portion of the hearing was focused on discussions of the timeliness of the errata sheet. Fed.R. Civ. P. 30(e), not 30(c), addresses making changes to deposition transcripts.[43] Additionally, the Magistrate Judge references the 30-day time period for making those changes when

---

[40] R. Doc. 212.
[41] Fed R. Civ P. 30(e)(1).
[42] R. Doc. 207.
[43] *See* R. Doc. 207 at pp. 3-20.

he asks Plaintiffs' counsel to address the untimeliness problem.[44] Further, in the hearing, counsel conceded that the errata sheet was returned late—past the 30-day deadline for same.[45] Following the Court's review of the transcript, the Court finds Plaintiffs' argument that the Magistrate Judge failed to rely on Fed. R. Civ. P. 30(e) borders on specious. The Magistrate Judge relied on, and applied, the correct law. The Court finds that the Order by the Magistrate Judge striking Plaintiff My Thi Nhu Tran's deposition errata sheet as untimely is neither clearly erroneous nor contrary to law.[46] The Court thus overrules Plaintiffs' objections and denies their motion as it relates to the order striking the errata sheet.

## B. Order Compelling Plaintiffs to Produce Statements and Information Shared with Law Enforcement

Plaintiffs next challenge the order compelling Plaintiffs to produce statements and information that Plaintiffs shared with law enforcement. Plaintiffs contend that the challenged order does not make any findings regarding how the materials to be compelled bear on any claim or defense asserted in the present case.[47] Plaintiffs then argue that the Magistrate Judge's Order fails to apply the required balancing test under *Cazorla v. Koch Foods of Mississippi, L.L.C.* Defendants respond that the Magistrate Judge did not abuse his discretion in granting their motion and that the

---

[44] *Id.* at pp. 23-24 and 25-27.

[45] *Id.* at p.23-24. ("Judge, yes, we were off maybe by a week, if I recall correctly. It wasn't a full two weeks. . . So, according to my calculation, just off the top of my head, we were late about a week.")

[46] The Court notes that "Rule 30(e) does not provide any exceptions to its requirements." *Reed v. Hernandez*, 114 F. App'x 609, 611 (5th Cir. 2004).

[47] R. Doc. 204-1 at p. 4.

requested documents are relevant, proportional to the needs of the case, and neither privileged nor otherwise protected from disclosure.[48]

Plaintiffs first argue that the order is contrary to law because the evidence sought solely relates to impeachment and credibility concerns.[49] Plaintiffs rely on the Fifth Circuit's holding in *Chiasson v. Zapata Gulf Marine Corp.*, which distinguishes discovery sought as substantive evidence or for impeachment purposes alone.[50] *Chiasson* focuses on the legality of a provision in a pre-trial notice regarding the withholding of evidence solely to be used for impeachment and did not conclude that discovery solely for impeachment fell outside the scope of Rule 26(b)(1).[51] Contrary to Plaintiffs' assertion that no findings were made, the hearing transcript very clearly reflects that the Magistrate Judge found that the evidence "has both substantive and impeachment value, and is therefore discoverable."[52] The Magistrate Judge did not find that the evidence sought was solely for impeachment purposes, as Plaintiffs claim, and, thus, Plaintiffs' reliance on *Chiasson* is misplaced. Plaintiffs' contention that the Magistrate Judge's order "accepts Defendants asserted interest in testing 'credibility' without determining whether the requested materials have probative value beyond impeachment" is belied by the transcript.

---

[48] R. Doc. 206 at p. 8.
[49] R. Doc. 204-1 at p. 4.
[50] R. Doc. 204-1 at p. 4 (citing *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993)).
[51] *Chiasson*, 988 F.2d at 517.
[52] R. Doc. 207, *Transcript of Motions Hearing Before the Honorable Michael B. North, United States Magistrate Judge on December 4, 2025*, at p. 34 ("I do not think…that they want to use it solely to test credibility and impeachment. That is not what they said in the motion. That is one of the reasons that they want it, but it also has potential substantive value, substantive evidentiary value. For instance, just for instance, if you called the police officer who took it and said -- he said, 'The guy absolutely told me it happened in 2020,' that is substantive evidence that supports defense of prescription. Potentially. So it has both substantive and impeachment value, and it is, therefore, discoverable.").

The Court now turns to Plaintiffs' argument regarding *Cazorla* balancing and Rule 26.[53] First, Plaintiffs claim that the Court must consider whether the discovery sought implicates a constitutionally sensitive activity.[54] The Magistrate Judge did so:

> There's a First Amendment right to address grievances, seek redress from the government. That doesn't mean that civil litigants have a privilege against production of documents where they've reported facts or incidents to law enforcement that arise out of the civil litigation that they brought. There is no privilege over that kind of information.
> You haven't really articulated one other than to suggest that there's some First Amendment protection, which I'm not going to buy in this case.[55]

The transcript reflects that the Magistrate Judge then considered and subsequently rejected Plaintiffs' claim of First Amendment protection regarding their law enforcement reports regarding this incident, and the Court did not conflate constitutional and statutory privilege. Instead, the Court found that the activity was not constitutionally sensitive and thus did not implicate any First Amendment concerns.

Plaintiffs then argue that the Magistrate Judge failed to conduct the balancing required in *Cazorla* which "requires courts to conduct a specific balancing analysis that weighs the probative value of the requested information against the risk of deterrence, intimidation, and chilling effects."[56] In *Cazorla*, the Fifth Circuit's analysis regarding the balancing required regarding communications to law

---

[53] Interestingly, the underlying district court Order in *Cazorla* did not specifically cite Fed. Rule Civ. P. 26; however, the Fifth Circuit was astute enough to understand and acknowledge that the district court had undertaken a Rule 26 analysis.
[54] R. Doc. 210 at p. 3.
[55] R. Doc. 207 at p. 33.
[56] R. Doc. 204-1 at p. 5.

enforcement in that case focused specifically on U-visa discovery.[57] The Fifth Circuit

determined

> A court engaging in a balancing analysis abuses its discretion 'when a
> relevant factor that should have been given significant weight is not
> considered; when an irrelevant or improper factor is considered and
> given significant weight; and when all proper factors, and no improper
> ones, are considered, but the court, in weighing those factors, commits a
> clear error of judgment.'[58]

While the underlying facts of this dispute differ, Rule 26 still applies.  Rule 26(b)(1)

provides:

> Unless otherwise limited by court order, the scope of discovery is as
> follows: parties may obtain discovery regarding any nonprivileged
> matter that is relevant to any parties claim or defense and proportional
> to the needs of the case, considering the importance of the issues at
> stake in the action, the amount of controversy, the parties' relative
> access to relevant information, the parties' resources, the importance
> of the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely benefit.
> Information within the scope of discovery need not be admissible in
> evidence to be discoverable.

Having reviewed the hearing transcript, the transcript reflects that the

Magistrate Judge did engage in the balancing that Plaintiffs seemingly seek. In

explaining his reasons for his order, the Magistrate Judge stated:

> You haven't really articulated one other than to suggest that there's
> some First Amendment protection, which I'm not going to buy in this
> case. Nobody is saying that you or your clients can't report anything to
> law enforcement. There's a chilling effect when you are a plaintiff in a
> lawsuit already and you decide to go report certain facts arising from
> that lawsuit to the police.
> Having you provide that information to your opponents in a civil
> litigation is not going to chill anybody. It's not going to stop anybody
> from going to the police. I also think, for obvious reasons, the
> information that's being shared with law enforcement, or at least from

---

[57] *Cazorla*, 838 F.3d 540, 562–63 (5th Cir. 2016).
[58] *Id.* at 547, quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984).

what I've seen, is potentially relevant to the claims and defenses in the case.[59]

Here, the Magistrate Judge conducted a balancing analysis that weighed the interest in obtaining the discovery with the problems that this kind of discovery might produce, such as a chilling effect regarding or deterrence from reporting issues to law enforcement personnel.[60] The Court finds that no part of this balancing was clearly erroneous or contrary to law.

Plaintiffs last argue that the Order of the Magistrate Judge fails to examine the proportionality of the discovery sought in light of Fed. R. Civ. P. 26(b)(1). The transcript of the hearing, however, reflects that the Court did apply Fed. R. Civ. P. 26(b)(1)'s proportionality requirement:

> I do not think that it is disproportionate to the needs of the case, particularly because in all likelihood, all of these communications went through you or your assistant because your clients don't speak English and can't report anything to the police without your assistance or the assistance of your assistant.
> So given that you are probably already in possession of all this information, I can't find that it's disproportionate to the needs of the case. I don't think it's privileged. I don't think it's disproportionate.[61]

Such analysis reflects the balancing required by Rule 26 and demonstrates that the Magistrate Judge took the required factors into account when issuing his ruling on the motion. This Court will not substitute its own judgment for that of the Magistrate Judge and finds that this balancing was neither clearly erroneous nor contrary to law.[62]

---

[59] R. Doc. 207 at p. 33.
[60] *See Cazorla*, 838 F.3d 540, 563–64.
[61] R. Doc. 207 at p. 34.
[62] *See* Fed. R. Civ. P. 72(a).

The Court finds no error in the Magistrate Judge's conclusion that the "[s]tatements and information shared with law enforcement regarding the underlying claims in this lawsuit are relevant and not disproportionate to the case, Fed. R. Civ. P. 26(b)(1), and are not protected by any privilege advanced by Plaintiff."[63] The Court thus overrules Plaintiffs' objections and denies their Motion as to the order compelling Plaintiffs to produce statements and information shared with law enforcement.

## IV.    CONCLUSION

Having found that the Order of the Magistrate Judge was neither clearly erroneous nor contrary to law,

**IT IS HEREBY ORDERED** that the Plaintiffs' Motion to Appeal/Review Magistrate Judge Decision, styled as Plaintiffs' Objections to Magistrate Judge's December 4, 2025, Order Pursuant to Fed. R. Civ. P. 72(a)[64] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Emergency Motion to Stay Enforcement of the Magistrate Judge's January 5, 2026, Minute Entry Pending Rule 72(a) Review[65] is **DENIED as moot**.

New Orleans, Louisiana, February 18, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[63] R. Doc. 212.
[64] R. Doc. 204.
[65] R. Doc. 213.

13