**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MY THI NHU TRAN, ET AL.** | **CIVIL ACTION**

**VERSUS** | **NO. 24-1933**

**GULF COAST BANK AND TRUST CO., ET AL.** | **SECTION: D(1)**

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion for Curative Rule 56 Procedure, to Modify Language Assistance Restriction, and to Preserve Objections to Compressed Summary Judgment Practice.[1] The Defendants jointly filed a Response Memorandum in Opposition to Plaintiffs' Motion.[2] After consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** Plaintiffs' Motion for Curative Rule 56 Procedure.

## I. INTRODUCTION

Plaintiffs' Motion primarily centers on the deposition transcript of Mr. Vo.[3] Plaintiffs seek a Rule 30(e) review of Mr. Vo's deposition transcript to review for possible errors due to Mr. Vo's medical fragility and limited English proficiency. The Plaintiffs argue that Defendants' use of Mr. Vo's deposition in their Motions for Summary Judgment is improper without an additional opportunity to review the transcript for inaccuracies. Plaintiffs' Motion also argues that there are issues with

[1] R. Doc. 278.
[2] R. Doc. 287.
[3] R. Doc. 278-1 at 1.

overlength filing in several of the Defendants' Motions for Summary Judgment that were not addressed prior to the Plaintiffs' response deadline.[4]

Plaintiffs request the Court: 1) treat their May 18 filings as protective compliance, rather than a waiver of their concerns; 2) modify the language assistance restriction for Rule 30(e) and Rule 56 purposes to allow Plaintiffs' counsel's legal assistant to assist with various case matters; 3) permit a translation of Mr. Vo's deposition to review prior to use of the deposition in Rule 56 matters; 4) permit supplementation of deposition-dependent Rule 56 materials following the translation; 5) suspend deemed admission consequences for deposition-dependent facts; 6) preserve and resolve the overlength filing objections; and 7) preserve Motion in Limine supplementation based on Mr. Vo's deposition.[5]

Defendants oppose the Motion, arguing that this is an improper attempt to supplement the Plaintiffs' opposition to the Defendants' Motions for Summary Judgment.[6]

## II. LAW AND ANALYSIS

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" defer considering the motion or allow additional time for discovery.[7] Plaintiffs have failed to demonstrate any such showing explaining why they are unable to present facts essential to their opposition. Plaintiffs have failed to identify any aspect

[4] *Id.* at 18.
[5] *Id.* at 18-22.
[6] R. Doc. 287 at 1-2.
[7] Fed. R. Civ. P. 56(d).

of Mr. Vo's testimony that must be corrected. Further, any additional testimony from Mr. Vo to support Plaintiffs' oppositions or corrections to his deposition could have been submitted as a declaration.[8] Plaintiffs have not made any such showing that additional time is necessary prior to deciding the Rule 56 motions.

Further, the Court has reviewed its Orders on the pending Motions for Summary Judgment.[9] The Court's Order as to Gulf Coast Bank & Trust Company's and Rance Mangipano's Motion for Summary Judgment does not rely on any deposition testimony of Mr. Vo.[10] As to the Court's Order on the Motions for Summary Judgment filed by the Realtor, the Mortgage Broker, and the Closing Agent, the Order references Mr. Vo's deposition in three instances. First, it references his deposition testimony in support of Plaintiff's claim of negligent misrepresentation as to the Realtor. Second, in a footnote, it relied on Mr. Vo's testimony to deny the Mortgage Broker's Motion for Summary Judgment as to Plaintiffs' breach of fiduciary claim. Third, the Court's Order quoted Mr. Vo's deposition testimony to support that the Realtor undertook a duty to provide correct information to Plaintiffs. Thus, the three times that the Court relied on Plaintiff Vo's deposition testimony in its rulings on Defendants' Motions for Summary Judgment were either undisputed by Plaintiffs, or were in rulings in Plaintiffs' favor.

[8] Fed. R. Civ. P. 56(c)(4).
[9] The Court's Orders and Reasons on Defendants' Motions for Summary Judgment, R. Docs. 256, 258, 282, and 283 will be issued following this Order and Reasons.
[10] The Order on the Motion for Summary Judgment makes one reference to "Plaintiffs'" testimony but that testimony is undisputed by Plaintiffs.

Plaintiffs have also failed to identify any prejudice resulting from the "overlength" filings by several Defendants. Plaintiffs fail to cite any authority for the argument that the overlength filing needs to be addressed by the Court at this time.

Finally, Plaintiffs have failed to assert grounds for relief regarding the legal assistant. There are no restrictions that would impact Plaintiffs' ability to communicate with their counsel or respond to dispositive motions. The only restriction as to Ms. Nguyen (the legal assistant) relates to Mr. Vo's deposition.[11] The deadline to challenge this restriction has passed.[12]

## III. CONCLUSION

Having found that the Plaintiffs have failed to assert grounds for curative Rule 56 procedure,

**IT IS ORDERED** that the Motion for Curative Rule 56 Procedure is **DENIED.**

New Orleans, Louisiana, September 18, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[11] Pursuant to an earlier order by Judge North, Ms. Nguyen was not permitted to (1) participate in Mr. Vo's deposition or (2) review the transcript "in an attempt to alter the interpretation." R. Doc. 202; R. Doc. 212.

[12] Fed. R. Civ. P. 72 ("A party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.").