**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MY THI NHU TRAN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1933** |
| **GULF COAST BANK AND TRUST CO., ET AL.** | **SECTION: D(1)** |

**ORDER AND REASONS**

Before the Court is Defendants' Omnibus Motion in Limine.[1] The Plaintiffs filed a Response Memorandum in Opposition to Defendants' Motion.[2] Defendants jointly filed a Reply to Plaintiff's Response in Further Support of Defendants' Omnibus Motion in Limine.[3] During the Final Pretrial Conference on September 17, 2026, the Court discussed the Motion with the parties. As reflected in the Trial Preparation and Procedures Order,[4] the Court granted the Defendants' Motion in Limine as to the following three categories: (1) claims and causes of actions that have been dismissed by this Court; (2) any arguments appealing to sympathy, ethnicity, or national origins; and (3) any compromise offers, mediation communications, or statements made in settlement proceedings.[5]

The outstanding categories requested in Defendants' Motion in Limine are: (1) evidence, testimony or argument characterizing or suggesting that Defendants used

---

[1] R. Doc. 255.
[2] R. Doc. 266.
[3] R. Doc. 275.
[4] R. Doc. 296.
[5] *See id.* at 4.

forged or inconsistent signatures on numerous documents, used Plaintiffs' identities without authorization, and/or altered metadata or back-dated files in loan and closing records; and (2) any joint defense/common interest agreement or arrangement.

After consideration of the parties' memoranda, the record, and the applicable law, the Court **grants in part and denies in part** the outstanding categories of Defendants' Omnibus Motion in Limine.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case stems from an alleged mortgage lending scheme orchestrated by Defendants against Plaintiffs. In 2020, Plaintiffs, who are Vietnamese immigrants with limited English proficiency, began the process of buying a home, namely 2540 Long Branch Drive in Marrero, Louisiana.[6] Plaintiffs reached an agreement with the sellers of the home to purchase the property from them.[7] Throughout this process, Nga Baird, through her company, New World Realty, LLC, served as the realtor ("The Realtor");[8] Samantha Tuyet Nguyen Tran, through her company, Lloyd & Taylor Mortgage, LLC, served as the mortgage broker ("The Mortgage Broker");[9] Trieu Law, LLC served as the closing agent ("The Closing Agent");[10] Gulf Coast Bank & Trust Co. served as the bank;[11] and Rance Mangipano of Gulf Coast Bank & Trust Co. served as the loan officer.[12] To purchase the home, Plaintiffs sought a loan, secured

[6] R. Doc. 268-1 at ¶ 3.
[7] *Id*. at ¶ 4.
[8] *Id*. at ¶ 1.
[9] *Id*. at ¶ 5.
[10] R. Doc. 270-1 at ¶¶ 32-33.
[11] *Id*. at ¶ 26.
[12] *Id*.

by an accompanying mortgage on the property.[13] Generally, Plaintiffs allege that Defendants defrauded Plaintiffs by deceiving them into signing a loan with terms far less favorable than those explained to and agreed upon by Plaintiffs.[14] To execute the fraud, Plaintiffs allege that Defendants forged documents, created a sham LLC, and failed to translate documents for Plaintiffs.[15]

On August 2, 2024, Plaintiffs filed suit in this Court, alleging violations of Truth in Lending Act, 15 U.S.C. § 1601 (TILA); the Federal Racketeer Influenced and Corrupt Organizations Act (RICO), § 18 U.S.C. § 1961; the Louisiana Racketeering Act, La. R.S. § 1353 (LRA); and the Fair Housing Act (FHA), 42 U.S.C. § 3601, *et seq*. Plaintiffs further raise claims for annulment, fraud, breach of contract, unjust enrichment, breach of fiduciary duty, negligent misrepresentation, and civil conspiracy.[16]

The Mortgage Broker, Realtor, Closing Agent, Gulf Coast Bank & Trust Company and Rance Mangipano moved for summary judgment on all claims asserted against each of them.[17] Summary judgment was granted by this Court as to many of the claims.[18] The remaining claims include the Plaintiffs' claims against Mortgage Broker for breach of fiduciary duty and negligent misrepresentation, and a claim against Gulf Coast Bank & Trust Company for annulment.[19]

---

[13] R. Doc. 268-1 at ¶¶ 7-9.
[14] *See generally* R. Doc. 231, *Fifth Amended Complaint*, at ¶¶ 16-78.
[15] *Id.* at ¶ 216.
[16] R. Doc. 61.
[17] R. Docs. 256, 258, 282, and 283.
[18] *See* R. Docs. 298 and 299.
[19] *See id.*

## I. LEGAL STANDARD

According to the Fifth Circuit, the purpose of a motion in limine is to prohibit opposing counsel "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds."[20] Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, or if the fact it seeks to prove is of consequence in determining the action.[21] While all relevant evidence is admissible, the Court may exclude relevant evidence if its probative value is substantially outweighed by danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[22]

However, the Fifth Circuit has held that, "[t]he exclusion of evidence under Rule 403 should occur only sparingly."[23] "An order in limine excludes only clearly inadmissible evidence; therefore evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds."[24] Instead, "[i]f the evidence is not clearly inadmissible on all grounds, it is better for the court to decline to rule in advance of trial so that it will have the opportunity to resolve issues in context.[25]

[20] *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (cleaned up).
[21] Fed. R. Evid. 401.
[22] Fed. R. Evid. 403.
[23] *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993); *see United States v. Powers*, 168 F.3d 741, 749 (5th Cir. 1999) (same).
[24] *Auenson v. Lewis*, No. 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996).
[25] *Hardy v. Scandinavian Airlines Sys.*, No. 21-1591, 2025 WL 1732837, at *2 (E.D. La. June 23, 2025).

## II. ANALYSIS

In the instant Motion, Defendants seek to exclude evidence, testimony or argument (1) characterizing or suggesting that Defendants used forged or inconsistent signatures on numerous documents, used Plaintiffs' identities without authorization, and/or altered metadata or back-dated files in loan and closing records; and (2) of any joint defense/common interest agreement or arrangement.[26] The Court considers the arguments regarding those two issues in turn.

### *i. References to forgeries*

Defendants seek to exclude evidence, testimony or argument characterizing or suggesting that Defendants used forged or inconsistent signatures on numerous documents, used Plaintiffs' identities without authorization, and/or altered metadata or back-dated files in loan and closing records. Plaintiffs argue that Defendants seek to categorically bar evidence related to the Plaintiffs' denial that they signed certain documents.[27] Plaintiffs argue that their "primary position is that they did not execute or authorize many documents at all."[28] Defendants clarified in their reply that they seek exclusion of only "characterizations and arguments that Defendants engaged in forgery, identity theft, and backdating or alteration of metadata, without any forensic, expert, or documentary support."[29]

[26] R. Doc. 255-1 at 1-2.
[27] R. Doc. 266 at 8.
[28] *Id.* at 10.
[29] R. Doc. 275 at 3.

The Court agrees that references to forgery, identity theft, and backdating or alteration of metadata are not relevant to any remaining claims.[30] However, Plaintiffs, at this stage, are not barred from discussing evidence that the documents were "not delivered, translated, explained, understood, or knowingly adopted."[31] These references could be relevant to Plaintiffs surviving claims, and therefore ruling on a Defendants' Motion in Limine as to this narrow category of evidence would be premature.[32] The Court declines to rule in advance of trial so that it will have the opportunity to resolve these issues in context if and when they are raised.

*ii. Joint-defense or common interest arrangement*

Defendants also seek to exclude reference to "the existence of any joint defense/common interest agreement or coordinated defense arrangement among any Defendants or their counsel."[33] Defendants argue that introduction of such evidence would "create substantial unfair prejudice and jury confusion by inviting the improper inference that routine litigation coordination is itself suspicious, evidence of liability, and/or proof of conspiracy."[34] Further, Defendants argue that such claims could invade attorney-client privilege, work product protection, or protected common interest communications amongst Defendants.[35] Plaintiffs respond that they do not

---

[30] The probative value of references to forgery or accusations of fraud is sufficiently outweighed by the prejudicial value. *See* Fed. R. Evid. 403. Further, in the Trial Prep and Procedures Order (R. Doc. 296), the Court granted the Defendants' Motion in Limine as to any claims and causes of actions that have been dismissed by this court. As the Plaintiffs' fraud claims have been dismissed by the recent Summary Judgment Orders, references to fraud are not appropriate.
[31] R. Doc. 266 at 10.
[32] *See Hardy*, 2025 WL 1732837, at *2.
[33] R. Doc. 255 at 10.
[34] *Id.* at 11.
[35] *Id.*

seek to invade privileged communications.[36] However, they argue that the Defendants' proposed Order in Limine would "prevent Plaintiffs from addressing nonprivileged facts, including who actually knew about any such arrangement, whether Defendants' written discovery responses are consistent with their deposition testimony, and whether Defendants are invoking a privilege theory broader than the law permits."[37] The Plaintiffs concede that an appropriate remedy would be an Order protecting privileged attorney-client, work product, and common interest communications, but permitting "nonprivileged facts, discovery inconsistencies, impeachment evidence, or prelitigation transaction coordination."[38]

The Court agrees that any references, argument, or suggestion by Plaintiffs that the existence of a joint defense arrangement is itself evidence of wrongdoing, conspiracy, or liability is irrelevant to the remaining claims and unfairly prejudicial.[39] The Court declines to rule on any further issues in advance of trial so that it will have the opportunity to resolve issues in context.

---

[36] R. Doc. 266 at 15.
[37] *Id.* at 16.
[38] *Id.* at 17.
[39] *See* Fed. R. Evid. 403. Again, in the Trial Prep and Procedures Order (R. Doc. 296), the Court granted the Defendants' Motion in Limine as to any claims and causes of actions that have been dismissed by this court. As the Plaintiffs' civil conspiracy claims have been dismissed by the recent Summary Judgment Orders, references to conspiracy are not appropriate.

## III. CONCLUSION

After consideration of the parties' memoranda, the record, and the applicable law,

**IT IS ORDERED** that the outstanding categories of Defendants' Motion in Limine are **granted in part and denied in part.**

New Orleans, Louisiana, September 23, 2026.

Wendy B. Vitter

**WENDY B. VITTER**
**United States District Judge**