**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MY THI NHU TRAN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1933** |
| **GULF COAST BANK & TRUST CO., ET AL.** | **SECTION: D(5)** |

# ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Limited Reconsideration and Clarification of Order on Defendants' Omnibus Motion in Limine filed by Plaintiffs.[1] Defendants oppose the Motion.[2] Plaintiffs filed a reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is **DENIED**.

## I. BACKGROUND[4]

On September 23, 2026, the Court issued an Order and Reasons granting in part and denying in part the Defendants' Omnibus Motions in Limine.[5] On September 28, 2026, Plaintiffs filed the instant Motion to Reconsider.[6]

In their Motion, Plaintiffs argue that the Order should be reconsidered to "distinguish excluded characterizations from evidence independently relevant to surviving claims."[7] Plaintiffs argue that the Order conflates characterizations of

[1] R. Doc. 305.
[2] R. Doc. 319.
[3] R. Doc. 324.
[4] In the interest of judicial economy, and because the factual and procedural history of this case was set out in great detail in several previous Orders and Reasons, it adopts the Factual Background as set forth in those rulings. *See* R. Doc. 299 and 227.
[5] R. Doc. 300.
[6] R. Doc. 305.
[7] *Id.* at p. 2.

fraud with evidence execution, authorization, knowledge, knowing adoption, and consent.[8] Plaintiffs contend that there is still a question of who placed a signature on a document, and the Order bars the Plaintiffs from being able to accurately testify to their account of which documents they signed.[9]

In their Response,[10] Defendants argue that the Court's Order on the Motion in Limine already grants the relief requested by the Plaintiffs.[11] Defendants argue that the Motion for Reconsideration offers no new facts, authority, or reason for reconsideration other than disagreement with the Order.[12] Instead, Defendants argue, the Plaintiffs are attempting to insinuate that forgery occurred without directly stating so.[13]

In their Reply,[14] Plaintiffs assert that the only remaining issue in dispute is "Defendants' contention that Plaintiffs may not 'pair' their firsthand testimony denying execution or authorization with evidence concerning the provenance and handling of disputed instruments because the combination could suggest forgery."[15] Plaintiffs argue that this position excludes relevant evidence due to the concern that the jury may draw an inference of forgery or fraud.[16]

---

[8] *Id.*
[9] *Id.* at pp. 2-3.
[10] R. Doc. 319.
[11] *Id.* at p. 1.
[12] *Id.*
[13] *Id.* at p. 5.
[14] R. Doc. 324.
[15] *Id.* at p. 2 (citing R. Doc. 319 at pp. 5-6).
[16] *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action."[17] Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[18] Whether to grant a motion to reconsider under Rule 54(b) "rests within the discretion of the court."[19] Still, the broad authority to reconsider an interlocutory order under Rule 54(b) "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[20] Motions for such reconsideration "are not the proper vehicle for rehashing evidence, legal theories, or arguments."[21]

## III. ANALYSIS

Plaintiffs fail to meet the standard for reconsideration. "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be

[17] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (*quoting* Fed. R. Civ. P. 54(b)).
[18] *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)) (internal quotation marks omitted).
[19] *Namer v. Scottsdale Insur. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.) (quoting *Bernard v. Grefer*, Civ. A. No. 14-887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.)) (internal quotation marks omitted).
[20] *Southern Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564–65 (E.D. La. 2013) (citing 18B CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRACTICE AND PROCEDURE § 4478.1 (2d ed. 2002)).
[21] *Whale Cap., L.P. v. Ridgeway*, No. CV 22-2570, 2024 WL 894866, at *1 (E.D. La. Mar. 1, 2024) (Currault, M.J.) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

granted."[22] Plaintiffs give no new facts, authority, or argument warranting reconsideration of the Order.

Plaintiffs contend that they recall signing only a single sheet at closing.[23] Plaintiffs will be under oath to testify truthfully as to their recollection of events. To the extent that Plaintiffs seek clarification of its Order, the Court makes clear: The Order on the Defendants Omnibus Motion in Limine[24] does not bar truthful and accurate testimony by the Plaintiffs. Indeed, the Plaintiffs, similar to any other witness, must testify truthfully. Instead, the Order bars testimony specifically asserting legal claims of forgery, identity theft, and fraud, that have been dismissed by the Court for lack of evidence.[25] Nothing in that Order was intended or should be construed as barring truthful testimony. Should any party have any question regarding whether a witness may testify to an issue, the Rules of Civil Procedure provide for recourse through contemporaneous objection, approaching the bench for clarification, or for a curative jury instruction.[26]

---

[22] *Id.*
[23] R. Doc. 324 at p. 7.
[24] R. Doc. 300.
[25] *Id.* at pp. 5-6.
[26] The Court notes that, after the submission of this Motion, the Court held a status conference with all parties and discussed, among other matters, this issue. *See* R. Doc. 355. It was the Court's understanding following that status conference that this issue was clarified for all parties. To the extent that there is confusion, counsel should bring it to the court's attention in the manner noted above.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Limited Reconsideration and Clarification of Order on Defendants' Omnibus Motion in Limine[27] is **DENIED.**

New Orleans, Louisiana, October 16, 2026.

**WENDY B. VITTER**
**United States District Judge**

[27] R. Doc. 305.