UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MY THI NHU TRAN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1933** |
| **GULF COAST BANK & TRUST CO., ET AL.** | **SECTION: D(5)** |

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion for Reconsideration of Summary Judgment as to Nga Baird and New World Realty.[1] Defendants oppose the Motion.[2] Plaintiffs filed a reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is **DENIED**.

## I. LAW AND ANALYSIS[4]

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action."[5] Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[6] Whether to grant a motion to reconsider under

[1] R. Doc. 306.
[2] R. Doc. 325.
[3] R. Doc. 331.
[4] In the interest of judicial economy, and because the factual and procedural history of this case was set out in great detail in several previous Orders and Reasons, it adopts the Factual Background as set forth in those rulings. *See* R. Doc. 299 and 227.
[5] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)).
[6] *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)) (internal quotation marks omitted).

Rule 54(b) "rests within the discretion of the court."[7] Still, the broad authority to reconsider an interlocutory order under Rule 54(b) "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[8] Motions for such reconsideration "are not the proper vehicle for rehashing evidence, legal theories, or arguments."[9]

On September 18, 2026, the Court issued an Order and Reasons granting Summary Judgment as to Nga Baird and New World Realty, LLC.[10] On September 28, 2026, Plaintiffs filed the instant Motion to Reconsider.[11] Plaintiffs seek limited reconsideration regarding the dispositive constructive-notice determination underlying dismissal of Plaintiff's claims of negligent misrepresentation and breach of fiduciary duty.[12] Plaintiffs contend that they were not placed on notice by the Gulf Coast Bank mailing received in approximately December 2020 or January 2021

---

[7] *Namer v. Scottsdale Insur. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.) (quoting *Bernard v. Grefer*, Civ. A. No. 14-887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.)) (internal quotation marks omitted).
[8] *Southern Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564–65 (E.D. La. 2013) (citing 18B CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRACTICE AND PROCEDURE § 4478.1 (2d ed. 2002)).
[9] *Whale Cap., L.P. v. Ridgeway*, No. CV 22-2570, 2024 WL 894866, at *1 (E.D. La. Mar. 1, 2024) (Currault, M.J.) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[10] R. Doc. 299.
[11] R. Doc. 306. The Court addresses fn 1 in Plaintiffs' Motion in which it is seemingly suggested that Plaintiffs did not have a "fair, adequate, or meaningful opportunity to oppose summary judgment." *See* R. Doc. 306 at fn 1. Counsel failed to include that the Court held a status conference with all counsel to discuss the case, including Plaintiffs' Motion for Extension of Time. During that status conference, counsel informed the Court that it had timely filed the oppositions. Nevertheless, the Court inquired with counsel as to whether there was additional information that he was unable to include in his oppositions in support of his arguments. During that conference, counsel was unable to provide the Court with any information that he had obtained and wished to be included that might further support his arguments in his opposition brief. *See* R. Doc. 289, fn 6.
[12] *Id.* at p. 3.

bearing the designation "Tung My, LLC."[13] Plaintiffs contend that the issue is narrow:

> [W]hether the summary judgment record establishes beyond genuine dispute that what Plaintiffs knew in December 2020 or January 2021 was sufficient to place a reasonable person in their circumstances on notice of the facts underlying the alleged injury and its cause. That inquiry cannot be divorced from the circumstances reflected in the record: Ms. Tran could not read or understand English financial documents, had only a fifth-grade education, and Plaintiffs had no prior experience with business entities or commercial borrowing.[14]

Plaintiffs assert that Ms. Tran's alarm was related to her concern that her husband's name was somehow connected to her personal bank (Gulf Coast Bank).[15] Further, Plaintiffs assert that Plaintiff's subsequent inquiry to Samantha Tran was related to "diligence."[16] Plaintiffs allege that they believed Samantha Tran to be the source of funding for the house, and that when Samantha Tran reassured her, they believed there was no further issue.[17] Plaintiffs state that the Order treated their inquiry as evidence they had been placed on notice, without regard to what the Plaintiffs understood as the reason for the inquiry.[18]

In their Response,[19] Defendants argue reconsideration is improper in this matter for three reasons. First, they argue, Plaintiffs are merely rehashing the same arguments made in the original response to the Motion for Summary Judgment.[20] Second, Defendants argue that Plaintiffs cannot assert new arguments and

[13] *Id.*
[14] *Id.* at p. 4.
[15] *Id.* at p. 6.
[16] *Id.* at p. 7.
[17] *Id.* at pp. 7-8.
[18] *Id.* at p. 9.
[19] R. Doc. 325.
[20] *Id.* at p. 6.

previously available evidence for the first time on reconsideration.[21] Finally, Defendants assert that the Plaintiffs' Motion relies on legal error.[22] Defendants contend that prescription begins running when there was "notice enough to call for *inquiry*."[23]

In their Reply,[24] Plaintiffs assert that the appearance of "Tung My LLC" alone did not provide notice, despite Ms. Tran's reaction.[25] Plaintiffs contend that the evidence permits a reasonable inference, "considering the inquiry actually made and the response actually received," that the claim had not prescribed.[26] Plaintiffs point to the fact they are limited English speakers and lack education and experience with commercial borrowing.[27] Plaintiffs assert that these facts bear on the objective reasonableness of Ms. Tran's conduct and actions following her receipt of the mail with the LLC designation.[28]

Plaintiffs fail to meet the standard for reconsideration. "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[29] Plaintiffs give no new facts, authority, or argument warranting reconsideration of the Order. Indeed, Plaintiffs' straightforwardly announce that

---

[21] *Id.* at p. 3.
[22] *Id.*
[23] *Id.* (citing *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 995 F.3d 384, 391 (5th Cir. 2021) (emphasis in original)).
[24] R. Doc. 331.
[25] *Id.* at 1.
[26] *Id.* at 2.
[27] *Id.* at 8.
[28] *Id.*
[29] *Whale Cap., L.P. v. Ridgeway*, No. CV 22-2570, 2024 WL 894866, at *1 (E.D. La. Mar. 1, 2024) (Currault, M.J.) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

> This [constructive notice] issue is not raised for the first time on reconsideration. Plaintiff's summary judgment opposition expressly disputed that the 'Tung My LLC' mailing supplied constructive notice, explained that Ms. Tran did not understand the designation as disclosure of the LLC commercial structure, and relied on her immediately inquiry and the reassurance she received.[30]

Thus, Plaintiffs' Motion for Reconsideration seeks a rehashing of evidence, legal theories and arguments.

Additionally, Plaintiffs point to deposition testimony not cited in the summary-judgment opposition, but these arguments are forfeited.[31] The Court is not required to reconsider its ruling on summary judgment in light of previously unsubmitted evidence.[32] Doing so would hinder the "just, speedy, and inexpensive determination" of the action.[33]

Plaintiffs point to the deposition testimony of Ms. Tran, Mr. Vo, Ms. Tung Nguyen and Ms. Tran Duc Nhu Vo in its motion for reconsideration, which was not previously included in its opposition to Defendants' Motion for Summary Judgment.[34] Plaintiffs give no reason for including that deposition testimony in this Motion for Reconsideraton and yet not including it in its Opposition to the Motion for Summary Judgment. Indeed, the deposition testimony of Mr. Vo and Ms. Tran was already in

---

[30] R. Doc. 306-1 at p. 3.

[31] *Mieco, L.L.C. v. Pioneer Nat. Res. USA, Inc.*, 109 F.4th 710, 717 n.5 (5th Cir. 2024) (arguments first raised on reconsideration are forfeited); *Malaco, Inc. v. Norman*, No. 25-CV-266, 2026 WL 2919968, at *2 (E.D. La. Sep. 29, 2026) (St. John, J.) (not considering evidence attached to a motion to reconsider a summary judgment but omitted from the actual summary-judgment briefing).

[32] *Malaco, Inc*, 2026 WL 2919968, at *2.

[33] *Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993) (quoting Fed. R. Civ. P. 1).

[34] Specifically, Plaintiffs use the following citations in their Motion for reconsideration: Ms. Tran's deposition, p. 261:18–25; Mr. Vo's deposition, p. 15:17–23; Ms. Nguyen's deposition, pp. 46:14–18, 47:6–10, 162:4–8; Ms. Vo's deposition, pp. 37:1–23, 41:4–16, 68:3–69:1. The Court could not find any references to these pages in the Plaintiffs' Response to the Motion for Summary Judgment. *See* R. Doc. 267.

Plaintiffs' possession as they cited other portions of that testimony in its opposition to the Motion for Summary Judgment. Based on the dates of the other depositions, it is clear that Plaintiffs were aware of the testimony in those depositions for at least six months before the opposition to Defendant's Motion for Summary Judgment was due.[35] An unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration.[36]

Even considering the new evidence provided by Plaintiffs, and viewing that evidence in a light most favorable to Plaintiffs, that new evidence fails to establish grounds for reconsideration. Plaintiffs argue that the new evidence shows that the Plaintiffs "could not read or understand English financial documents, had only a fifth-grade education, and Plaintiffs had no prior experience with business entities or commercial borrowing."[37] Further, they argue that the new evidence shows the Plaintiffs "made the inquiry prompted by the irregularity they perceived, directed that inquiry to the mortgage professional they understood to have arranged the financing, and were told there was 'no problem.'"[38] The Court finds this "new evidence" unpersuasive.

[35] Ms. Tung Nguyen and Ms. Tran Duc Nhu Vo's depositions also appear to have been in Plaintiffs' possession at the date of filing of the Plaintiffs Response. Plaintiffs' Response to the Motion for Summary Judgment (R. Doc. 267) was filed on May 18, 2026. Ms. Tung Nguyen's deposition was conducted on November 7, 2025. *See* R. Doc. 306-5 at p. 1. Ms. Tran Duc Nhu Vo's deposition was conducted on September 12, 2025. *See* R. Doc. 306-6 at p. 1. Plaintiffs do not assert any reason for failing to include those witnesses' testimony in their original Response to Defendant's Motion for Summary Judgment filed on May 18, 2026.

[36] *Templet v. HydroChem, Inc.*, 367 F.3d 473 (5th Cir. 2004).

[37] R. Doc. 306-1 at p. 4-5.

[38] *Id.* at p. 8.

Prescription begins to run "from the time there is notice enough to call for inquiry about a claim, not from the time when the inquiry reveals facts or evidence sufficient to prove the claim."[39] It is uncontested that Plaintiffs received a statement from Gulf Coast Bank in either December 2020 or January 2021 addressed to the LLC, which caused Plaintiff My Tran alarm.[40] Plaintiff testified that she made an inquiry by confronting her husband and thereafter sending a picture of the statement to the Mortgage Broker.[41] When asked to explain her concern, she testified that was upset about receiving the statement addressed to "My Tung, LLC."[42] Plaintiffs had constructive notice in 2020 or 2021, and that notice was, in fact, "enough to call for *inquiry*."[43] The Plaintiffs' subjective understanding of an LLC is not relevant in determining whether they had constructive notice to begin the prescriptive period.[44]

While the Court has the authority to reconsider and reverse its prior decision under Rule 54 "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law,"[45] the Court finds no sufficient reason exists to do so on this motion.

---

[39] *In re Taxotere,* 995 F.3d at 391 (emphasis in original).
[40] R. Doc. 258-3; Deposition of My Thi Nhu Tran, at pp. 12-13.
[41] *Id.*
[42] *Id.* at pp. 13-14 ("Q: You got a piece of mail that said Tung My, LLC? A: My Tung, LLC. So I — always say it LLC, you know. So he text to Ms. Tuyet. So then I was so upset. I snap the phone, and I talk to Ms. Tuyet, so — you lent me – you loan me the money, but how come, you know, it has here My Tung, LLC?").
[43] *In re Taxotere*, 995 F.3d at 391 (emphasis in original)
[44] *Id.* at 394-95.
[45] *Lavespere*, 910 F.2d at 185.

## II. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration of Summary Judgment as to Nga Baird and New World Realty [46] is **DENIED.**

New Orleans, Louisiana, October 16, 2026.

Wendy B. Vitter

**WENDY B. VITTER**
**United States District Judge**

[46] R. Doc. 306.