**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MY THI NHU TRAN, ET AL.** **CIVIL ACTION**

**VERSUS** **NO. 24-1933**

**GULF COAST BANK & TRUST CO., ET AL.** **SECTION: D(5)**

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion for Reconsideration of Summary Judgment as to Trieu Law, LLC.[1] Defendants oppose the Motion.[2] Plaintiffs filed a reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is **DENIED**.

## I. LAW AND ANALYSIS[4]

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action."[5] Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[6] Whether to grant a motion to reconsider under

[1] R. Doc. 317.
[2] R. Doc. 322.
[3] R. Doc. 332.
[4] In the interest of judicial economy, and because the factual and procedural history of this case was set out in great detail in several previous Orders and Reasons, it adopts the Factual Background as set forth in those rulings. *See* R. Doc. 299 and 227.
[5] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (*quoting* Fed. R. Civ. P. 54(b)).
[6] *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)) (internal quotation marks omitted).

Rule 54(b) "rests within the discretion of the court."[7] Still, the broad authority to reconsider an interlocutory order under Rule 54(b) "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[8] Motions for such reconsideration "are not the proper vehicle for rehashing evidence, legal theories, or arguments."[9]

On September 18, 2026, the Court issued an Order and Reasons granting Summary Judgment as to Trieu Law, LLC ("TLL").[10] On September 29, 2026, Plaintiffs filed the instant Motion to Reconsider.[11] Plaintiffs seek reconsideration regarding the dismissal of the negligent misrepresentation claim. Plaintiffs argue that the Order answered a "materially different duty question" than the one posited by Plaintiffs.[12] Plaintiffs assert their claim "did not depend upon TLL originating the loan, selecting the loan product, underwriting the credit, or verbally promising Plaintiffs a particular financing result. Rather, '[t]he claim arises from TLL's own

---

[7] *Namer v. Scottsdale Insur. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.) (quoting *Bernard v. Grefer*, Civ. A. No. 14-887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.)) (internal quotation marks omitted).
[8] *Southern Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564–65 (E.D. La. 2013) (citing 18B CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRACTICE AND PROCEDURE § 4478.1 (2d ed. 2002)).
[9] *Whale Cap., L.P. v. Ridgeway*, No. CV 22-2570, 2024 WL 894866, at *1 (E.D. La. Mar. 1, 2024) (Currault, M.J.) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[10] R. Doc. 299.
[11] R. Doc. 317. The Court addresses fn 1 in Plaintiffs' Motion in which it is seemingly suggested that Plaintiffs did not have a "fair, adequate, or meaningful opportunity to oppose summary judgment." *See* R. Doc. 317 at fn 1. Counsel failed to include that the Court held a status conference with all counsel to discuss the case, including Plaintiffs' Motion for Extension of Time. During that status conference, counsel informed the Court that it had timely filed the oppositions. Nevertheless, the Court inquired with counsel as to whether there was additional information that he was unable to include in his oppositions in support of his arguments. During that conference, counsel was unable to provide the Court with any information that he had obtained and wished to be included that might further support his arguments in his opposition brief. *See* R. Doc. 289, fn 6.
[12] R. Doc. 317-1 at p. 2.

title, settlement, LLC, HUD, document, notarial, and closing conduct.'"[13] Plaintiffs contend that the Court "reduced the claim to whether TLL had a generalized duty to explain loan terms—without addressing whether reasonable care was required in the very title, settlement, entity, document, and closing functions through which TLL encountered and implemented that contradictory structure."[14] Plaintiffs assert that the Louisiana Title Insurance Act "confirm[s]" the duty proposed by Plaintiffs.[15] Therefore, Plaintiffs argue, reconsideration is appropriate to vacate the dismissal of the negligent misrepresentation claim against TLL.

In Response,[16] Defendants argue reconsideration is improper in this matter for several reasons. First, Defendants argue that "Plaintiffs do not identify newly discovered evidence, an intervening change in controlling law, or any manifest error requiring reconsideration."[17] Defendants argue that the present Motion is improper because it rests on mere disagreements with the Court's legal reasoning.[18] Next, Defendants argue that Louisiana law requires a specific legal duty to be identified, which Plaintiffs failed to do.[19] Defendants point to the expert report of Peter Title, who found there was no duty to counsel Plaintiffs or to explain the documents.[20] Defendants contend that while the case relied on by Plaintiffs, *Barrie v. V.P. Exterminators, Inc.*, stands for the proposition that duty may be informed by the

---

[13] *Id.* at p. 4 (quoting R. Doc. 270 at p. 14).
[14] *Id.* at p. 6.
[15] *Id.* at pp. 8-9.
[16] R. Doc. 322.
[17] *Id.* at p. 2.
[18] *Id.*
[19] *Id.* at pp. 3-4.
[20] *Id.* at p. 4.

undertaking actually assumed, it is materially different from this case.[21] Defendants note "*Barrie* is readily distinguishable from the current situation because the [information given] was demonstrably wrong," unlike the present case where no false or incorrect information was given.[22] Next, Defendants argue that regardless of whether there was a duty, Plaintiffs claims still fail because they cannot identify any false information provided by TLL.[23] Finally, Defendants assert that reliance on the Louisiana Title Insurance Act is improper because the theory is raised for the first time on reconsideration, and does not impose a fiduciary obligation. For all of these reasons, Defendants argue that reconsideration is improper.

In Reply,[24] Plaintiffs assert Defendants' Response confirms that Plaintiffs have consistently plead their duty theory, but the Court has failed to answer the correct theory question. Plaintiffs argue that their formulation of duty is narrow: TLL owed "whatever duty Louisiana law attaches to the substantive settlement and informational functions it actually undertook."[25] Plaintiffs contend that *Barrie* requires the court to identify the undertaking and determine what duty was owed based on that inquiry.[26] Plaintiffs also assert that both the report of Peter Title and the Defendant's argument as to the accuracy of the documents rely on the "disputed premise" of what documents were actually authorized or executed.[27] Finally, Plaintiffs argue that their citation to the Louisiana Title Insurance Act is not a new

---

[21] *Id.* at p. 5 (citing *Barrie v. V.P. Exterminators, Inc.*, 625 So.2d 1007 (La.1993)).
[22] *Id.*
[23] *Id.* at p. 6.
[24] R. Doc. 332.
[25] *Id.* at p. 4.
[26] *Id.*
[27] *Id.* at pp. 5-7.

theory, but rather a citation to reinforce an existing theory.[28] For these reasons, Plaintiffs argue that TLL's Response in Opposition confirms Plaintiffs' argument and show that the Court answered a different question than was asked.

Plaintiffs fail to meet the standard for reconsideration. "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[29] Plaintiffs give no new facts, authority, or argument warranting reconsideration of the Order.

For a negligent misrepresentation claim, a plaintiff must show that there was "a legal duty on the part of the defendant to provide correct information."[30] "Whether a duty is owed is a question of law."[31] Plaintiffs argue that the Court did not properly analyze the argument they presented in the original Response in Opposition to TLL's Motion for Summary Judgment: "The duty depends on the defendant's undertaking, the purpose of the information, and the foreseeable reliance of the person for whose benefit the information is supplied."[32]

As noted in the Order, Plaintiffs failed to establish any duty on behalf of the TLL.[33] *Barrie* does allow the Court to review a case based on its facts to determine if there is "a duty is owed to this particular plaintiff to protect him from this particular

[28] *Id.* at p. 9.
[29] *Whale Cap., L.P. v. Ridgeway*, No. CV 22-2570, 2024 WL 894866, at *1 (E.D. La. Mar. 1, 2024) (Currault, M.J.) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[30] *Kadlec Med. Ctr. v. Lakeview Anesthesia Assocs.*, 527 F.3d 412, 418 (5th Cir. 2008)
[31] *Barrie*, 625 So. 2d at 1015.
[32] R. Doc. 270 at pp. 14-15.
[33] R. Doc. 299 at p. 34.

harm."[34] The Court *did* undertake this analysis in its Order and found that Plaintiffs failed to identify any law that imposes a duty on TLL sufficient to allow the negligent misrepresentation claim to continue.[35] Plaintiffs give no reason why they failed to cite to, or rely on the Louisiana Title Insurance Act in its Opposition to the Motion for Summary Judgment. Plaintiffs contend that the Act recognizes that "a title insurer or producer may operate in a fiduciary capacity as a closing, escrow, or settlement agent."[36] Plaintiffs failed to quote the entirety of that Louisiana statute. Louisiana Revised Statute 22:532(A) provides:

> A. A title insurer or a title insurance producer may operate in a fiduciary capacity as a closing, escrow, or settlement agent, provided that:
> (1) All funds deposited with the title insurer or the title insurance producer in connection with any closing, escrow agreement, or security agreement shall be deposited or submitted for collection to a qualified financial institution no later than the close of the next business day following receipt or, in the case where a borrower has a right of rescission, no later than the close of the next business day following the termination of the right of rescission, in accordance with the following requirements:
> (a) All funds collected for the business of title insurance shall be deposited and held in an escrow account as defined herein, in the name of the title insurer or title insurance producer and clearly titled as an escrow, settlement, closing, or trust account.
> (b) The funds shall be property of the person or persons entitled to them under the provisions of the escrow instructions, and shall be identified for each depositor in the manner that permits the funds to be identified on an individual basis.
> (c) The funds shall be used only in accordance with the terms of the escrow instructions.

---

[34] *Barrie*, 625 So. 2d at 1016.
[35] R. Doc. 299 at 34. *See Bergman v. New England Ins. Co.*, 872 F.2d 672, 675 (5th Cir. 1989) ("It is not unusual for the attorney representing one party to prepare the instruments which are to be signed by all parties. It would stun the practicing bar to learn that when an attorney did so, he or she became accountable as the attorney for all parties-signatory."); *see also Grand Isle Campsites, Inc. v. Cheek*, 262 So. 2d 350, 359 (1972) ("It is not the duty of an attorney who is retained to check a title on property and pass an act of sale to investigate the preliminary negotiations of the parties and involve himself in questions of how the parties arrived at the stated price.").
[36] R. Doc. 317-1 at p. 8 (citing La. R.S. 22:511(B), 22:532(A)).

> (2) Funds held in an escrow account shall be disbursed only pursuant to escrow instructions specifying how and to whom the funds may be disbursed.
> (3) Funds held in a security agreement for the purpose of clearing, writing over, or insuring over an exception to title shall be disbursed only pursuant to a written agreement specifying:
> (a) The necessary actions to satisfy the obligation under the arrangement.
> (b) The duties of the title insurer or the title insurance producer with respect to disbursement of the funds held, including a requirement to maintain evidence of the disposition of the title exception before any balance may be paid over to the depositor or his designee.
> (4) Funds held in connection with a real estate closing where no escrow instructions or security agreement is applicable shall be disbursed in accordance with a signed closing or disbursement statement.[37]

Thus, under that Louisiana Act, a title insurer may operate in a fiduciary capacity provided that it has fulfilled the four provisos, including subparts, as set forth in the law. There is no summary judgment evidence of the satisfaction of those requirements, or of any violation of that Act.

Mere disagreement with the Court's finding is not grounds for reconsideration.[38] The Court recognizes its inherent authority under Rule 54 to reconsider and reverse its prior decision "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[39] The Court finds no miscarriage of justice in denying the motion for reconsideration.

---

[37] La. R. S. 22:532(A).
[38] *Whale Cap., L.P.*, 2024 WL 894866, at *1.
[39] *Lavespere*, 910 F.2d at 185.

## II. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration of Summary Judgment as to Trieu Law, LLC[40] is **DENIED.**

New Orleans, Louisiana, October 16, 2026.

Wendy B. Vitter

**WENDY B. VITTER**
**United States District Judge**

[40] R. Doc. 317.