**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MY THI NHU TRAN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1933** |
| **GULF COAST BANK & TRUST CO., ET AL.** | **SECTION: D(5)** |

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion for Reconsideration of Summary Judgment as to Gulf Coast Bank & Trust Company ("GCBT") and Rance Mangipano.[1] Defendants oppose the Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is **DENIED**.

## I. LAW AND ANALYSIS[3]

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action."[4] Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[5] Whether to grant a motion to reconsider under

[1] R. Doc. 320.
[2] R. Doc. 342.
[3] In the interest of judicial economy, and because the factual and procedural history of this case was set out in great detail in several previous Orders and Reasons, it adopts the Factual Background as set forth in those rulings. *See* R. Doc. 298.
[4] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (*quoting* Fed. R. Civ. P. 54(b)).
[5] *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)) (internal quotation marks omitted).

Rule 54(b) "rests within the discretion of the court."[6] Still, the broad authority to reconsider an interlocutory order under Rule 54(b) "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[7] Motions for such reconsideration "are not the proper vehicle for rehashing evidence, legal theories, or arguments."[8]

On September 18, 2026, the Court issued an Order and Reasons granting Summary Judgment as to Gulf Coast Bank & Trust Company ("GCBT") and Rance Mangipano.[9] On October 1, 2026, Plaintiffs filed the instant Motion to Reconsider.[10] Plaintiffs seek reconsideration regarding four rulings: "(1) dismissal of Plaintiffs' Fair Housing Act disparate-treatment claim against Gulf Coast Bank & Trust Company ("GCBT") and Rance Mangipano; (2) dismissal of Plaintiffs' fraud claim against GCBT and Mangipano; (3) dismissal of Plaintiffs' TILA damages claim against GCBT; and (4) the Court's determination that no genuine dispute exists concerning Plaintiffs' challenges to disputed signatures and instruments."[11]

---

[6] *Namer v. Scottsdale Insur. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.) (quoting *Bernard v. Grefer*, Civ. A. No. 14-887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.)) (internal quotation marks omitted).
[7] *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564–65 (E.D. La. 2013) (citing 18B CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRACTICE AND PROCEDURE § 4478.1 (2d ed. 2002)).
[8] *Whale Cap., L.P. v. Ridgeway*, No. CV 22-2570, 2024 WL 894866, at *1 (E.D. La. Mar. 1, 2024) (Currault, M.J.) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[9] R. Doc. 298.
[10] R. Doc. 320. The Court addresses fn 1 in Plaintiffs' Motion in which it is seemingly suggested that Plaintiffs did not have a "fair, adequate, or meaningful opportunity to oppose summary judgment." *See* R. Doc. 320-1 at fn 1. Counsel failed to include that the Court held a status conference with all counsel to discuss the case, including Plaintiffs' Motion for Extension of Time. During that status conference, counsel informed the Court that it had timely filed the oppositions. Nevertheless, the Court inquired with counsel as to whether there was additional information that he was unable to include in his oppositions in support of his arguments. During that conference, counsel was unable to provide the Court with any information that he had obtained and wished to be included that might further support his arguments in his opposition brief. *See* R. Doc. 289, fn 6.
[11] R. Doc. 320.

Regarding the dismissed Fair Housing Act claim, Plaintiffs contend that ruling rests on the "disputed premises of document possession and the challenged credit treatment."[12] Plaintiffs assert that the factual premise of the Plaintiffs' document possession remains disputed, and therefore should not have been used to reject the theory of delayed discovery.[13] Plaintiffs also argue that their Fair Housing Act claim did not depend on the commercial label appearing in GCBT's documents, which allows an inference that "commercial classification may have resulted from how the transaction was routed and documented rather than from Plaintiffs' actual residential purpose or from a knowingly chosen commercial venture."[14] The significance of that classification, Plaintiffs argue, is that Plaintiffs' Vietnamese national origin played a role in the decision to place these homebuyers into that materially different credit product and structure.[15] Plaintiffs further assert that Rance Mangipano was a participant in the transaction, which identifies the Bank officer involved in the transaction.[16] While Plaintiffs acknowledge the lack of direct bank contact, Plaintiffs contend that that lack of direct bank contact is not a bar to the Fair Housing Act claim since that lack of contact could go towards showing that Plaintiffs did not understand the transaction they were entering.[17] Finally, Plaintiffs argue that the limited English proficiency provides the mechanism "by which the challenged treatment could be implemented without meaningful direct confirmation

[12] *Id.* at p. 5.
[13] *Id.* at p. 6.
[14] *Id.* at pp. 6-7.
[15] *Id.* at p. 8.
[16] *Id.* at p. 9.
[17] *Id.* at pp. 12-13.

from the homebuyers . . . ."[18] Plaintiffs assert that the comparative evidence in the record[19] demonstrates "materially similar commercial form structures recurring in transactions involving Vietnamese homeowners."[20]

Regarding the dismissed fraud claim against GCBT and Mangipano,[21] Plaintiffs argue that their claim asserted that GCBT and Mangipano implemented a fundamentally different transactional structure without Plaintiffs' knowing authorization.[22] Plaintiffs assert that this implementation violated the duty owed to Plaintiffs. That duty, Plaintiffs argue, was created by Louisiana law that permits circumstances-specific inquiry.[23] Further, Plaintiffs assert that the record supports a genuine dispute as to GCBT and Mangipano's knowledge of the purpose of the Plaintiffs' transaction. Plaintiffs contend that the absence of direct Bank communication does not resolve the Plaintiffs' theory of suppression.[24] To summarize, Plaintiffs argue the "fraud claim should therefore be evaluated against the acts and knowledge attributed to both GCBT and Mangipano, not against the absence of a direct oral promise that Plaintiffs never identified as their exclusive theory."[25]

Regarding the dismissal of Plaintiffs' TILA damages claim against GCBT, Plaintiffs argue that the Court's Order again treated the Bank's documentation as

---

[18] *Id.* at p. 10.
[19] Plaintiffs also point to evidence that was "developed since the September 18 Order," and therefore is not in the Rule 56 record. *See id.* at p. 11.
[20] *Id.* at p. 12.
[21] *Id.* at pp. 13-17.
[22] *Id.* at p. 14 (citing *Bunge Corp. v. GATX Corp.*, 557 So. 2d 1376, 1383-84 (La. 1990)).
[23] *Id.*
[24] *Id.* at p. 17.
[25] *Id.* at p. 18.

proof of the Plaintiffs' knowing execution or authorization.[26] Plaintiffs assert that "Whether that theory ultimately satisfies the governing TILA limitations standard is a legal question. But it should not be resolved on the factual premise that Plaintiffs had possessed the complete operative document universe since closing when their Rule 56 evidence disputed that premise."[27]

Finally, the Plaintiffs urge reconsideration of the Court's determination that no genuine dispute exists concerning Plaintiffs' challenges to disputed signatures and instruments. Plaintiffs argue that they present direct, instrument-specific evidence showing the Plaintiffs deny executing the document.[28] Plaintiffs contend that the Court erred by requiring the Plaintiffs to "prove" who falsified the signatures, rather than allowing the claims to continue.[29] Plaintiffs assert that the surviving annulment claim confirms that there is genuine dispute as to Plaintiffs' cause.[30] Plaintiffs argue that the surviving claim of annulment "cannot coexist with treating GCBT's commercial or investment documentation as conclusive proof that Plaintiffs knowingly chose or authorized that structure."[31]

In Response,[32] Defendants argue reconsideration fails at three levels: "It does not engage the dispositive grounds of the rulings it challenges, attempts to construct comparator evidence that was never part of the Rule 56 record, and still does not

[26] *Id.* at pp. 18-19.
[27] *Id.* at p. 20.
[28] *Id.* at p. 21.
[29] *Id.* at p. 22.
[30] *Id.* at p. 23.
[31] *Id.* at p. 24.
[32] R. Doc. 342.

support an inference of discrimination."[33] Defendants first assert that the Fair Housing Act claim remains time-barred, due to Plaintiffs' failure to prove "first, that the defendants concealed the conduct complained of, and second, that the plaintiff failed, despite the exercise of due diligence on his part, to discover the facts that form the basis of his claim."[34] Defendants further argue that Plaintiffs' new materials do not affect the ruling on the statute of limitations, nor are they proper evidence due to their construction after summary judgment.[35]

Next, the Defendants argue the Plaintiffs' Motion improperly rests on the premise that the Order did not address the theory of suppression.[36] Defendants point to the Order's language directly stating that fraud can occur through silence or inaction.[37] The Defendants further argue that the duty-to-disclose argument fails due to a lack of duty, which was expressly decided by the Court.[38] Similarly to the Fair Housing Act claim, Defendants argue the TILA claim fails because it is barred by the one-year limitations period.[39] Defendants assert that the Plaintiffs argument necessarily fails: "If Ms. Tran and Mr. Vo became obligated on this loan, they did so at the December 2020 closing, and the one-year period expired in December 2021. If

[33] *Id.* at p. 1.
[34] *Id.* at p. 4 (citing R. Doc. 298 at p. 12).
[35] *Id.* at pp. 5-6.
[36] *Id.* at pp. 10-11.
[37] *Id.* (citing R. Doc. 298 at p. 22).
[38] *Id.* at 11. The Court held that absent a written agreement, "the only duty a financial institution owes a borrower is the duty to comply with the contract." R. Doc. 298 at p. 28 (quoting *Obioha v. Proctor Fin. Ins. Co.*, No. 06-5364, 2007 WL 2903227, at *3 (E.D. La. Oct. 2, 2007)).
[39] R. Doc. 342 at p. 12.

they never became obligated, there is no consumer credit transaction between them and Gulf Coast for TILA to govern, and no disclosure was owed to them."[40]

Finally, Defendants argue that the Plaintiffs assertion regarding the signature execution is incorrect.[41] Defendants assert that the Court properly applied the presumption of authenticity that Louisiana law attaches to signatures on instruments.[42] Defendants contend that "uncorroborated details" do not meet the standard set forth by Louisiana law.[43] Defendants argue that the surviving annulment claim is consistent with the Court's rulings because each claim has different elements entirely.[44]

Plaintiffs fail to meet the standard for reconsideration. "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[45] The power to reconsider an interlocutory order "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[46] Plaintiffs give no new facts, authority, or argument warranting reconsideration of the Order. At its core, Plaintiffs' Motion rest on the assertion that:

---

[40] *Id.*
[41] *Id.* at p. 13.
[42] *Id.*
[43] *Id.* at p. 14.
[44] *Id.* at p. 15.
[45] *Whale Cap., L.P. v. Ridgeway*, No. CV 22-2570, 2024 WL 894866, at *1 (E.D. La. Mar. 1, 2024) (Currault, M.J.) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[46] R. Doc. 216 at 8 (quoting *Southern Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564-65 (E.D. La. 2013)).

> The challenged portions of the September 18 Order rest on propositions the Rule 56 record did not establish as undisputed. . . . [A]t summary judgment, it could not treat disputed questions of possession, execution, authorization, knowledge, consent, and contractual obligation as established against them. Nor could rejection of Plaintiffs' affirmative forgery theory supply affirmative proof that Plaintiffs executed, authorized, ratified, knowingly adopted, or consented to the disputed instruments.[47]

"A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"[48] "Summary judgment is appropriate if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'"[49] The Court is not required to resolve *all* facts in favor of the non-movant at summary judgment. Speculation by the Plaintiffs regarding execution of the documents is not sufficient factual grounds to base a denial of summary judgment, nor is it grounds for reconsideration.[50]

Even if the Court were to consider Plaintiffs recently developed "comparative evidence," the Court finds it unpersuasive.[51] Plaintiffs argue this evidence "permits a reasonable factfinder to assess whether the challenged commercial/LLC structure was merely an isolated irregularity or whether Vietnamese national origin played a significant role in the credit treatment"[52] In addition to the issues Defendants point

---

[47] R. Doc. 320-1 at pp. 24-25.
[48] *Crawford v. Formosa Plastics Corp.*, La., 234 F.3d 899, 902 (5th Cir.2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[49] *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).
[50] *See In re Mike Hooks LLC*, No. 2:20-CV-00959, 2022 WL 6252711, at *3 (W.D. La. Oct. 7, 2022) (granting partial summary judgment where the party alleging forgery failed to offer "competent evidence" that explained how the person's signature appeared on the document other than "by his own hand").
[51] *See* R. Doc. 320 at p. 10.
[52] *Id.* at p. 12.

to regarding this newly presented evidence,[53] the Court again points out that dismissal of Plaintiffs' FHA claim at summary judgment was based on the statute of limitations.[54] The Court found the record "devoid of any evidence that the Bank defendants concealed the reprobated conduct or 'actively misled' the Plaintiffs" to permit equitable tolling.[55] Again, Plaintiffs' argument would require the Court to resolve *all* facts regarding the execution and possession of the documents in Plaintiffs favor, despite those allegations being purely speculative and not grounded in "competent evidence."[56] Such a factual finding is not the standard of review at summary judgment. While all reasonable inferences must be drawn in favor of the nonmoving party—Plaintiffs—a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence."[57]

The Court is unable to find sufficient reasoning in the remaining portions of Plaintiffs' Motion to warrant reconsideration. It is unclear to the Court exactly what the Plaintiff is asserting as a basis for reconsideration as to the dismissed fraud claim against GCBT and Mangipano. The Court recognizes its inherent authority under Rule 54 to reconsider and reverse its prior decision "for any reason it deems sufficient,

---

[53] R. Doc. 342 at pp. 6-10. Notably, this evidence was first submitted to Defendants after discovery and expert deadlines had passed, and after the final pretrial conference. *Id.* at 7. "Plaintiffs have not even identified the person who performed the analysis, much less afforded Gulf Coast an opportunity to examine that person concerning the selections, matches, rankings, and assumptions reflected in Exhibit I." *Id.* at p. 8.
[54] R. Doc. 298 at pp. 12-15. "Plaintiffs have not provided any evidence to demonstrate that this exception to the two-year limitations period of FHA claim applies in this case or that the Bank was involved in an ongoing pattern of discrimination that occurred, at least in part, within the limitations period. Thus, the Court finds that [GCBT and Rance Mangipano are] entitled to summary judgment on Plaintiffs' FHA claim against it as a matter of law." *Id.* at 15.
[55] *Id.* at p. 13.
[56] *In re Mike Hooks LLC*, 2022 WL 6252711, at *3.
[57] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

even in the absence of new evidence or an intervening change in or clarification of the substantive law."[58] The Court finds no miscarriage of justice in denying Plaintiffs' motion for reconsideration as to these claims.

## II. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration of Summary Judgment as to Gulf Coast Bank & Trust Company and Rance Mangipano[59] is **DENIED.**

New Orleans, Louisiana, October 18, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[58] *Lavespere*, 910 F.2d at 185.
[59] R. Doc. 320.