**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MY THI NHU TRAN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1933** |
| **GULF COAST BANK AND TRUST CO., ET AL.** | **SECTION: D(5)** |

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion in Limine.[1] The Defendants filed a Response Memorandum in Opposition to Plaintiffs' Motion.[2] This Motion was discussed during a Telephone Status Conference held on Saturday, October 10, 2026. At that time, the Court ruled that the Motion was GRANTED AS UNOPPOSED as to the Jefferson Parish Sheriff's Office report.[3] After consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the remaining portions of Plaintiffs' Motion in Limine.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case stems from an alleged mortgage lending scheme orchestrated by Defendants against Plaintiffs. In 2020, Plaintiffs, who are Vietnamese immigrants with limited English proficiency, began the process of buying a home, namely 2540 Long Branch Drive in Marrero, Louisiana.[4] Plaintiffs reached an agreement with the sellers of the home to purchase the property from them.[5] Throughout this process,

[1] R. Doc. 328.
[2] R. Doc. 338.
[3] R. Doc. 352.
[4] R. Doc. 268-1 at ¶ 3.
[5] *Id.* at ¶ 4.

Nga Baird, through her company, New World Realty, LLC, served as the realtor ("The Realtor");[6] Samantha Tuyet Nguyen Tran, through her company, Lloyd & Taylor Mortgage, LLC, served as the mortgage broker ("The Mortgage Broker");[7] Trieu Law, LLC served as the closing agent ("The Closing Agent");[8] Gulf Coast Bank & Trust Co. served as the bank;[9] and Rance Mangipano of Gulf Coast Bank & Trust Co. served as the loan officer.[10] To purchase the home, Plaintiffs sought a loan, secured by an accompanying mortgage on the property.[11] Generally, Plaintiffs allege that Defendants defrauded Plaintiffs by deceiving them into signing a loan with terms far less favorable than those explained to and agreed upon by Plaintiffs.[12] To execute the fraud, Plaintiffs allege that Defendants forged documents, created a sham LLC, and failed to translate documents for Plaintiffs.[13]

On August 2, 2024, Plaintiffs filed suit in this Court, alleging violations of Truth in Lending Act, 15 U.S.C. § 1601 (TILA); the Federal Racketeer Influenced and Corrupt Organizations Act (RICO), § 18 U.S.C. § 1961; the Louisiana Racketeering Act, La. R.S. § 1353 (LRA); and the Fair Housing Act (FHA), 42 U.S.C. § 3601, *et seq*. Plaintiffs further raise claims for annulment, fraud, breach of contract, unjust enrichment, breach of fiduciary duty, negligent misrepresentation, and civil conspiracy.[14]

---

[6] *Id.* at ¶ 1.
[7] *Id.* at ¶ 5.
[8] R. Doc. 270-1 at ¶¶ 32-33.
[9] *Id.* at ¶ 26.
[10] *Id.*
[11] R. Doc. 268-1 at ¶¶ 7-9.
[12] *See generally* R. Doc. 231, *Fifth Amended Complaint*, at ¶¶ 16-78.
[13] *Id.* at ¶ 216.
[14] R. Doc. 61.

The Mortgage Broker, Realtor, Closing Agent, Gulf Coast Bank & Trust Company and Rance Mangipano moved for summary judgment on all claims asserted against each of them.[15] Summary judgment was granted by this Court as to many of the claims.[16] The remaining claims include the Plaintiffs' claims against Mortgage Broker for breach of fiduciary duty and negligent misrepresentation, and a claim against Gulf Coast Bank & Trust Company for annulment.[17]

The Plaintiffs filed the instant Motion in Limine[18] on October 2, 2026, seeking to exclude the Jefferson Parish Sheriff's Office ("JPSO") Report,[19] enforcement of the parties' Joint Exhibit reservations in the Revised Pretrial Order, and preclusion of admitted exhibits from "being represented as establishing disputed execution, authorization, attribution, receipt, understanding, actual rental use, knowledge of the disputed transaction or terms at the relevant time, adoption, confirmation, or ratification without an appropriate evidentiary basis for the particular proposition asserted."[20]

Defendants then filed a Memorandum in Opposition to Plaintiffs' Motion in Limine.[21] In their Memorandum, Defendants argue that they do not plan to use the JPSO Report to address any dismissed claim, but rather to reserve it for impeachment or rebuttal purposes.[22] Defendants argue that the remainder of the

---

[15] R. Docs. 256, 258, 282, and 283.
[16] *See* R. Docs. 298 and 299.
[17] *See id.*
[18] R. Doc. 328.
[19] As previously mentioned, the Plaintiffs' Motion was granted as unopposed as to the Jefferson Parish Sheriff's Office report. *See* R. Doc. 352 at p. 4.
[20] *Id.*
[21] R. Doc. 338.
[22] *Id.* at pp. 1-2.

Motion "asks the Court to limit, in advance, what the jury may infer from exhibits Plaintiffs stipulated are admissible."[23]

## I. LEGAL STANDARD

According to the Fifth Circuit, the purpose of a motion in limine is to prohibit opposing counsel "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds."[24] Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, or if the fact it seeks to prove is of consequence in determining the action.[25] While all relevant evidence is admissible, the Court may exclude relevant evidence if its probative value is substantially outweighed by danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[26]

However, the Fifth Circuit has held that, "[t]he exclusion of evidence under Rule 403 should occur only sparingly."[27] "An order in limine excludes only clearly inadmissible evidence; therefore evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds."[28] Instead, "[i]f the evidence is not

---

[23] *Id.* at p. 1.
[24] *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (cleaned up).
[25] Fed. R. Evid. 401.
[26] Fed. R. Evid. 403.
[27] *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993); *see United States v. Powers*, 168 F.3d 741, 749 (5th Cir. 1999) (same).
[28] *Auenson v. Lewis*, No. 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996).

clearly inadmissible on all grounds, it is better for the court to decline to rule in advance of trial so that it will have the opportunity to resolve issues in context.[29]

## II. ANALYSIS

In the instant Motion, Plaintiffs seeks enforcement of the parties' Joint Exhibit reservations in the Revised Pretrial Order, and preclusion of admitted exhibits from "being represented as establishing disputed execution, authorization, attribution, receipt, understanding, actual rental use, knowledge of the disputed transaction or terms at the relevant time, adoption, confirmation, or ratification without an appropriate evidentiary basis for the particular proposition asserted."[30]

### *i. Requests by Plaintiff to Limit Exhibits*

Plaintiffs seek to limit the use of several other categories of evidence. Plaintiffs argue that "joint exhibit status does not convert disputed facts into stipulations;"[31] "authentication or business record status does not, without more, establish attribution to plaintiffs;"[32] rental value, underwriting, and commercial loan records should not be used as direct proof of actual rental use, intent, or receipt of rent without foundation;"[33] and "later refinance and electronic signature records do not by themselves establish knowledge or ratification of the 2020 transaction."[34]

Defendants argue that the use of Motion in Limine to categorically exclude otherwise admissible evidence in advance of trial is improper.[35] Further, they argue

---

[29] *Hardy v. Scandinavian Airlines Sys.*, No. 21-1591, 2025 WL 1732837, at *2 (E.D. La. June 23, 2025).
[30] R. Doc. 328-1.
[31] R. Doc. 328-1 at p. 4.
[32] *Id.* at p. 5.
[33] *Id.* at p. 6.
[34] *Id.* at p. 7.
[35] R. Doc. 338 at p. 2.

that "there is no categorical rule requiring Defendants to produce a separate item of 'independent' evidence before the jury may draw a reasonable inference concerning receipt, knowledge, authorization, understanding, consent, adoption, or confirmation from otherwise admissible evidence."[36]

All of the transaction records subject to Plaintiffs' Motion in Limine are admissible, by Plaintiffs' own admission.[37] Because the evidence Plaintiffs seek to exclude is not "clearly inadmissible on all potential grounds," the Court declines to rule on these matters in advance of trial without the opportunity to resolve the questions of foundation, relevance, and any potential prejudice in context.[38] The Court will rule on the admissibility of exhibits within the context of trial after hearing from the parties.

## III. CONCLUSION

After consideration of the parties' memoranda, the record, and the applicable law,

**IT IS ORDERED** that the Plaintiffs' Motion in Limine is G**RANTED IN PART**[39] AND **DENIED IN PART.**

New Orleans, Louisiana, October 19, 2026.

Wendy B Vitter

**WENDY B. VITTER**
**United States District Judge**

---

[36] *Id.*
[37] *Id.* at pp. 6-8.
[38] *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020).
[39] *See* R. Doc. 352.